UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESTER W. SHIPMAN, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:16-CV-00692 |
| DONALD SOWELL, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

The Court held oral argument in this case on March 3, 2017, wherein the Court allowed Plaintiff to file his Third Amended Complaint (Doc. #55). During the hearing the Court informed the parties that the Court would consider the arguments in both the Defendants' Response in Opposition (Doc. #41) and the Defendants' Motion to Dismiss (Doc. #42) in determining whether a Fed. R. Civ. P. 12(b)(6) dismissal of Plaintiff's Third Amended Complaint is appropriate. Therefore, before the Court is Montgomery County, Montgomery County Sheriff Gage, Lieutenant Sclider, Deputy Cook, and Deputy Neely's ("Defendants'") Response in Opposition to Plaintiff's Motion to Amend (Doc. #41), Grimes County, Grimes County Sheriff Sowell, and Grimes County District Attorney McClain's ("Defendants'") Motion to Dismiss (Doc. #42), and Plaintiff's Response (Doc. #48). After considering the parties' arguments and applicable legal authority, the Court grants Defendants' Motions to Dismiss.[1]

### I. Background

This case arises from events surrounding a police raid of an automobile auction on June 27, 2015, wherein Plaintiff ("Shipman") and several others were arrested and fifty-six vehicles

---

[1] The Court will refer to Montgomery and Grimes County defendants collectively as Defendants throughout this Order.

were seized. Doc. #55 at 4–5. Probable cause for the raid on the auction was found by a district court judge in Grimes County, Texas. The vehicles were seized pursuant to the search warrant. *Id.* at 5. Shipman was charged by grand jury indictment and eventually pled *nolo contendere* to selling vehicles without a license. *Id.* at 5, 11. After the criminal conviction was adjudicated, there was a property hearing whereby the seized vehicles were released to various people including Shipman. *Id.*

Shipman alleges violations of his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. Doc. #55 at 12. He also asserts state tort claims for tortious interference, abuse of process, slander, and civil conspiracy. *Id.* at 12–13. Defendants now move to dismiss all of Shipman's aforementioned claims under Fed. R. Civ. P. 12(b)(6). Defendants further urge that all of Shipman's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as an impermissible attack on the validity of his underlying state court conviction. Finally, Defendants argue that Shipman's claims are subject to dismissal under the Defendants' official and qualified immunities.

## II. Legal Standards

### A. Motion to Dismiss

A party may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed

2

factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

### B. *Heck* Bar

Claims brought under 42 U.S.C. § 1983 challenging the legality of a conviction are barred pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) ("*Heck*"). *Heck* prohibits a cause of action under § 1983 unless the conviction or sentence which form the basis for the plaintiff's complaint has been invalidated. 512 U.S. at 489. The Fifth Circuit has stated that § 1983 claims challenging the existence of probable cause are by their essence collateral attacks on a criminal judgment's validity. *Wells v. Bonner*, 45 F. 3d 90, 95 (5th Cir. 1995). Such attacks run afoul of *Heck's* "policy of finality" and are therefore barred. *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008).

### C. Qualified Immunity

Qualified immunity protects government officials from civil damages liability when "their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). The burden is on the plaintiff to plead facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011). It is the Court's discretion as to which prong it addresses first. *Morgan*, 659 F.3d at 371.

"Where no controlling authority specifically prohibits a defendant's conduct . . . the law cannot be said to be clearly established." *Id.* at 372.

III. **Analysis**

A. **Section 1983**

To state a 42 U.S.C. § 1983 claim, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Shipman alleges that the Defendants violated his First, Fourth, and Fourteenth Amendment rights.[2]

1. **Fourth Amendment**

Shipman alleges his property was "seized maliciously" and that it was held "after it became clear it could not be used as evidence."[3] Doc. #55 at 12. To determine whether *Heck* precludes such a claim, the Court "must first determine whether a judgment in [Shipman's] favor on these claims would necessarily imply the invalidity of his conviction" for selling vehicles without a license. *Connors v. Graves*, 538 F. 3d 373, 376 (5th Cir. 2008). The property seizure forming the basis of Shipman's complaint was done pursuant to a search warrant as evidence of criminal activity related to the unlicensed vehicle auction. A finding by this Court that there was no probable cause for the warrant would undermine Shipman's criminal conviction. Shipman's Fourth Amendment claims are a collateral attack against the probable cause for his

---

[2] The Court dismisses Shipman's § 1983 claims under Fed. R. Civ. P. 12(b)(6), therefore, the Court does not analyze the applicability of qualified immunity. However, the Court notes that qualified immunity would also be a basis for the dismissal of Shipman's claims.

[3] Shipman states no plausible claim for relief under the Fourth Amendment concerning the holding of the seized vehicles. The vehicles were lawfully seized pursuant to a warrant and held as evidence of the crime charged until after the adjudication of the criminal case.

4

arrest and seizure of property relating to his arrest. As previously explained, such a cause of action is barred by *Heck*.

## 2. First Amendment

Shipman also pleads "retaliation against him for the exercise of his right to free speech and his right to petition redress of grievances, including his right to file this lawsuit." Doc. #55 at 12. The First Amendment prohibits adverse governmental action against individuals in retaliation for the exercise of protected speech activities. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Shipman alleges that the criminal prosecution was retaliation for his protected speech activities because law enforcement officials did not respond to multiple letters his attorney sent to the grand jury, the sheriff, and the prosecutor and because his attorney created an internet "blog post" criticizing law enforcement activity related to the criminal case. Doc. #55 at 7–8. However, "retaliatory criminal prosecutions in violation of the First Amendment are actionable only if a plaintiff can also prove the common-law elements of malicious prosecution, including the absence of probable cause to prosecute." *Keenan*, 290 F.3d at 260. As discussed earlier in this Order, Shipman is barred from challenging the probable cause to prosecute. As such, Shipman has not pled facts supporting a plausible claim of retaliation under the First Amendment.

## 3. Fourteenth Amendment

Shipman also pleads "selective prosecution" and "selective enforcement of the law" Doc. #55 at 12. The Equal Protection component of due process prohibits prosecution based on "an unjustifiable standard such as race, religion, or other arbitrary classification" *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Equal protection claims like selective prosecution and selective enforcement must contain facts to show government officials were motivated by improper considerations of race, religion, or the desire to prevent exercise of a constitutional

5

right. *Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir 2000). Shipman pled no facts alleging that he belongs to, or was targeted because of his membership in, a particular class. Nor has Shipman identified what constitutional right he believed the Defendants desired to prevent him from exercising by arresting and prosecuting him for criminal activity. Shipman has not pled facts supporting a plausible claim of selective prosecution or enforcement.

Shipman also alleges stigma-plus-infringement based on the "false and defamatory statements" regarding Shipman selling stolen vehicles. This claim is based upon the alleged statement of a police officer to news media at the scene of the police raid where Shipman was arrested. To establish a stigma-plus-infringement claim, the plaintiff must base the claim upon a false communication made by a public official. *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995). Shipman alleges that a police officer, Lieutenant Sclider, told the media that state law gives people twenty days to register vehicles in their name, and if they do not the police can presume the vehicles are stolen. Doc. #55 at 5. The Fifth Circuit has only found stigma when the state actor made "concrete, false assertions of wrongdoing on the part of the plaintiff." *Blackburn*, 42 F.3d at 936. A prerequisite being that the statement is false. *Id.* Here, the officer's statements concerning vehicle registration and the legal presumption regarding unregistered vehicles being stolen was true.[4] Therefore, Shipman's complaint fails to state a plausible claim on this ground.

### B. Immunity from Tort Claims

Additionally, Shipman alleges state law claims of tortious interference, abuse of process, slander, and civil conspiracy asserting the same facts pled in support of the alleged § 1983 violations. Doc. #55 at 12–13. Shipman's tort claims are against "the natural-person Defendants"

---

[4] The officer's statement to the media as alleged by Shipman reflects a summary of the law outlined by Tex. Penal Code 31.03(c)(7)(B).

(sheriffs, officers, and the district attorney) in their individual capacity. *Id.* at 13. The Defendants argue that Shipman's claims should be dismissed under the election of remedies provision found in Tex. Civ. Prac. & Rem. Code § 101.106.

One of the primary purposes of the Texas Tort Claims Act generally and section 101.106 in particular is to protect government employees acting in the scope of their employment from tort liability. *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 357 (Tex. 2013). When Section 101.106(f) of the Texas Civil Practice and Remedies Code was enacted, it "foreclose[d] suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). "An official acts within the scope of [his] authority if [he] is discharging the duties generally assigned to [him]." *City of Landcaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). Shipman's tort claims arise out of the conduct of sheriffs, officers, and prosecutors surrounding the criminal investigation, raid of the automobile auction pursuant to a search warrant, and the indictment and criminal prosecution of Shipman. It is clear from the pleadings that the Defendants were acting within the scope of their employment as law enforcement officers with Grimes and Montgomery County, and that the actions of which Shipman complains were those of the law enforcement officials discharging their general law enforcement duties. Therefore, the Court dismisses Shipman's state law tort claims.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. This case is hereby DISMISSED with prejudice.

It is so ORDERED.

**FEB 1 4 2018**

Date

The Honorable Alfred H. Bennett
United States District Judge

7